Michele R. Stafford, Esq. (SBN 172509)
Shivani Nanda, Esq. (SBN 253891)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mstafford@sjlawcorp.com
snanda@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARDS OF TRUSTEES OF THE SHEET METAL WORKERS LOCAL 104 HEALTH CARE TRUST, et al., | Case No.: C15-01000 MEJ |
| Plaintiffs, | **JUDGMENT PURSUANT TO STIPULATION** |
| v. | |
| EFFICIENT ENERGY CONCEPTS, INC., a California corporation, | |
| Defendant. | |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto, that Judgment shall be entered in the within action in favor of Plaintiffs Boards of Trustees of The Sheet Metal Workers Local 104 Health Care Trust, et al. ("Plaintiffs" or "Trust Funds") and against Defendant Efficient Energy Concepts, Inc., a California corporation ("Defendant"), and/or alter egos and/or successor entities, as follows:

1.       Defendant is signatory to and bound by the terms of the Standard form of Union Agreement and the Labor Agreement between Sheet Metal Workers International Association Local 162 and SMACNA Sacramento Valley Chapter (jointly referred to as "Bargaining Agreements"). The Bargaining Agreements are still in full force and effect.

2.       Robert William Peters Jr. ("Guarantor") confirms that he is authorized to enter into

this Stipulation on behalf of Defendant and confirms that he is personally guaranteeing the amounts due pursuant to the terms of this Stipulation. Defendant/Guarantor specifically consent to the Court's jurisdiction, as well as the use of a Magistrate Judge for all proceedings, including entry of judgment herein. Guarantor further confirms that all successors in interest, assignees, and affiliated entities (including, but not limited to, parent or other controlling companies), and any companies with which Defendant joins or merges, if any, shall also be bound by the terms of this Stipulation as Guarantors. This shall include any additional entities in which Guarantor is an officer, owner or possesses any controlling ownership interest. All such entities shall specifically consent to the Court's jurisdiction, the use of a Magistrate Judge for all proceedings herein, and all other terms herein, in writing, at the time of any assignment, affiliation or purchase.

3. Defendant has become indebted to the Trust Funds as follows:

| Work Month | Reported Contributions | Payments | Contribution Balance | Liquidated Damages (20% of Reported Contributions) | Interest (10% Per Annum, through 5/12/15) | Subtotal |
|---|---|---|---|---|---|---|
| 9/14 | $6,684.29 | $124.35 | $6,559.94 | $1,336.86 | $366.88 | $8,263.68 |
| 10/14 | $8,089.00 | | | $1,617.80 | $384.06 | $10,090.86 |
| 20% Liquidated Damages for 6/14-8/14; 11/14, 1/15; 3/15 Late-Paid Contributions: | | | | | | $5,491.70 |
| 10% Per Annum Interest for 6/14-8/14; 11/14; 1/15; 3/15 Late-Paid Contributions: | | | | | | $229.32 |
| Attorneys' Fees (through 5/12/15): | | | | | | $4,085.50 |
| Costs (through 5/12/15): | | | | | | $542.02 |
| **GRAND TOTAL DUE:** | | | | | | **$28,703.08** |

4. Defendant shall *conditionally* pay the amount of **$20,256.72,** representing all of the above amounts, less liquidated damages in the amount of **$8,446.36**. *This conditional waiver is expressly conditioned upon Trustee approval following timely compliance with all of the terms of this Stipulation,* as follows:

(a) Beginning on **June 22, 2015**, and on or before the 22nd day of each month thereafter for a period of twelve (12) months, through and including May 22, 2016, Defendant/Guarantor shall pay to Plaintiffs the amount of $**1,780.89** per month;

(b) Payments may be made by joint check, to be endorsed by Defendant prior to

-2-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C15-01000 MEJ**

1    submission. Payments made by joint check may be applied toward Defendant's monthly stipulated

2    payment provided that the issuer of the joint check is not requesting a release in exchange for the

3    payment. Joint check payments in which a release is requested may not be applied toward

4    Defendant's monthly stipulated payment, but shall be deducted from the total balanced owed under

5    this Stipulation provided the payment is for contributions included in this Stipulation;

6              (c)      Defendant shall have the right to increase the monthly payments at any time

7    and there is no penalty for prepayment;

8              (d)      Payments shall be applied first to unpaid interest and then to unpaid

9    principal. The unpaid principal balance shall bear interest from May 13, 2015, at the rate of 10%

10   per annum in accordance with the Bargaining Agreement and Plaintiffs' Trust Agreements;

11             (e)      Checks shall be made payable to the *Board of Trustees of The Sheet metal*

12   *Workers Local 104 health Care Trust*, and delivered on or before each due date to <u>Shivani Nanda,</u>

13   <u>Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco,</u>

14   <u>California 94104</u>, or to such other address as may be specified by Plaintiffs;

15             (f)      Plaintiffs may require that Defendant pay electronically by wire transfer;

16             (g)      At the time that Defendant makes the twelfth (12th) stipulated payment,

17   Defendant may submit a written request for waiver of its liquidated damages directed to the Board

18   of Trustees, but sent to Saltzman and Johnson Law Corporation with its twelfth (12th) payment.

19   Such waiver will not be considered until and unless all other amounts are paid in full and

20   Defendant's account is otherwise current;

21             (h)      Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise

22   Defendant in writing, by first class mail as to the final amount due, including additional interest and

23   all additional attorneys' fees and costs incurred by Plaintiffs in connection with the collection and

24   allocation of the amounts owed to Plaintiffs under this Stipulation. Defendant shall pay all

25   additional interest, attorneys' fees and costs regardless of whether or not Defendant defaults herein.

26   Any additional amounts due pursuant to the provisions hereunder shall also be paid in full with the

27   final stipulated payment due on <u>May 22, 2016</u>; and

28             (i)      Failure to comply with any of the above terms shall constitute a default of the

-3-

**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C15-01000 MEJ**

1  obligations under this Stipulation and the provisions of ¶ 11 shall apply.

2    5. In the event that any check is not timely submitted or fails to clear the bank, or is

3  unable to be negotiated for any reason for which Defendant is responsible, Defendant shall be

4  considered to be in default of the Judgment entered. If this occurs, Plaintiffs shall make a written

5  demand to Defendant/Guarantor, by first class mail, to cure said default **within seven (7) days of**

6  **the date of the notice from Plaintiffs**. If caused by a failed check, default will only be cured by the

7  issuance of either a replacement *cashier's check*, delivered to Saltzman and Johnson Law

8  Corporation, or by transmission of funds electronically, by wire transfer, to an account specified by

9  Plaintiffs, to be received within the seven (7) day cure period. If Defendant/Guarantor elect to cure

10  said default, and Plaintiffs elect to accept future payments, *all such future payments shall be made*

11  *by either cashier's check or electronically, by wire transfer* at Plaintiffs' request. In the event

12  default is not cured, all amounts remaining due hereunder shall be due and payable on demand by

13  Plaintiffs.

14    6. Beginning with contributions due for hours worked by Defendant's employees

15  during the month of April 2015, and for every month thereafter until this Judgment is satisfied,

16  **Defendant shall remain current in reporting and payment of contributions** due to Plaintiffs

17  under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining

18  Agreements, if any, and the Declarations of Trust as amended. The Collective Bargaining

19  Agreement and Trust Agreements provide that all benefit contributions are due on or before the

20  tenth (10th) day of the month following the month in which hours were worked and are delinquent

21  if not received by the twenty second (22nd) day of that month.

22    Until this judgment is satisfied, Defendant shall **<u>submit all monthly contribution reports</u>**

23  **<u>and payments directly to Saltzman and Johnson Law Corporation.</u>** The reports and payments

24  shall be delivered to <u>Shivani Nanda, Esq. at Saltzman & Johnson Law Corporation, 44 Montgomery</u>

25  <u>Street, Suite 2110, San Francisco, California 94104</u>, or to such other address as may be specified by

26  Plaintiffs, <u>by the 22nd day of each month.</u> Defendant may submit its monthly contribution reports by

27  email to <u>compliance@sjlawcorp.com</u>, or to such other email address as may be specified by

28  Plaintiffs, <u>by the 22nd day of each month.</u> All such emails must include Defendant's name in the

1  subject line.

2      Defendant shall send copies of its contribution reports and payments to the Trust Funds.

3  Plaintiffs may require that Defendant pay contributions electronically by wire transfer. Failure by

4  Defendant to timely submit current contribution reports and payments, or a report of "no

5  employees" if applicable, shall constitute a default of the obligations under this Stipulation and the

6  provisions of ¶ 11 shall apply.

7      7.      Beginning with the month of June 2015, and for every month thereafter, **Defendant**

8  **shall fully disclose all jobs on which it is working by providing Plaintiffs with fully completed**

9  **job reports** on the form attached hereto as Exhibit A. Upon request by Plaintiffs, Defendant shall

10  also provide Plaintiffs with copies of Certified Payroll Reports for any and all Public Works jobs, or

11  any other job for which Certified Payroll Reports are required. Defendant's updated monthly job

12  reports and Certified Payroll Reports (if requested) shall be delivered to Shivani Nanda, Esq. at

13  Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco,

14  California 94104, or to such other address as may be specified by Plaintiffs, by the 22nd day of each

15  month.    Defendant may alternatively submit its monthly job reports by email to

16  compliance@sjlawcorp.com, or to such other email address as may be specified by Plaintiffs, by the

17  22nd day of each month. All such emails must include Defendant's name in the subject line.

18      This requirement remains in full force and effect regardless of whether or not Defendant has

19  ongoing work, whether Defendant's account with the Trust Funds is active, or whether Defendant is

20  signatory to a Collective Bargaining Agreement with the Union. If, for any reason, Defendant has

21  no work to report during a given month, Defendant shall submit the job report form (Exhibit A)

22  indicating that there are no current jobs. **Defendant's first job report (regarding June 2015 jobs)**

23  **is due on or before June 22, 2015.**

24      Failure by Defendant to timely submit fully completed monthly job reports and Certified

25  Payroll Reports (if requested and applicable) as described above shall constitute a default of the

26  obligations under this Stipulation and the terms of ¶ 11 shall apply.

27      8.      **Audit:** Should the Trust Funds request an audit of Defendant's payroll records in

28  order to confirm proper reporting and payment of contributions pursuant to the Bargaining

1    Agreements, any failure by Defendant to comply with said request shall constitute a default of the

2    obligations under this Agreement, which Defendant shall have ten (10) days to cure from receipt of

3    written notice from Plaintiffs.

4            (a)    In the event that amounts are found due on audit, Plaintiffs shall send a

5    written demand to Defendant by first class mail, for payment in full of the amounts found due in the

6    audit, including a full copy of the audit report and any findings, including contributions, liquidated

7    damages, interest and audit fees owed.

8            (b)    Defendant will be provided with ten (10) days in which to review the audit,

9    and provide evidence to contest the findings. In the event that Defendant does not agree with the

10   total found due, Plaintiffs shall provide any additional information or clarification requested by

11   Defendant in writing within ten (10) days of the request therefor, or as soon as reasonably possible,

12   and Defendant's time to respond to the audit report or comply with payment requirements shall then

13   run from the time that Defendant receives Plaintiffs' response. Once the ten (10) day review period

14   expires, in the event that the audit is not contested, payment in full shall be delivered to Shivani

15   Nanda at the address provided above.

16           (c)    If the audit is contested, and Defendant provides documentation in support of

17   the dispute, Defendant shall be notified as to whether revisions will be made to the audit. If

18   revisions are not made, payment will be immediately due.

19           (d)    If revisions are made to said audit as a result of the dispute, payment in full

20   of the revised amount shall be due within ten (10) days of Defendant's receipt of the revised billing.

21           (e)    If Defendant is unable to make payment in full, Defendant may submit a

22   written request to revise this Stipulation, modifying the payment plan (by monthly amount and/or

23   payment term), to add the amounts found due in the audit to this Stipulation, subject to the terms

24   herein. If the Stipulation is so revised, Defendant shall execute the Amended Judgment or

25   Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended Judgment

26   or Amendment to Judgment. Failure to execute the revised agreement shall constitute a default of

27   the terms herein.

28

(f)      Failure by Defendant to submit either payment in full or a request to add the amounts due to this Judgment within ten (10) days of the date due per the terms written above shall constitute a default of the obligations under this agreement. All amounts found due on audit shall immediately become part of this Judgment.

9.      Failure to comply with <u>any</u> of the above terms shall constitute a default of the obligations under this Stipulation and the provisions of ¶ 11 shall apply.

10.      Any unpaid or late-paid contributions, together with 20% liquidated damages and 10% per annum interest accrued on the contributions shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreements and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions and related amounts not included herein as may be determined by Plaintiffs to be due pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto. Defendant/Guarantor specifically waive the defense of the doctrine *res judicata* as to any such additional amounts determined as due**.**

11.      In the event that Defendant/Guarantor fail to make any payment required herein, or otherwise default on any of their obligations as detailed in this Stipulation, and such default is not timely cured, the following will occur:

(a)      The entire balance of **$28,703.08**, plus interest, but reduced by principal payments received from Defendant/Guarantor, in addition to any unpaid contributions then due plus 20% liquidated damages and 10% per annum interest on the unpaid or late-paid contributions, shall be immediately due and payable, together with any attorneys' fees and costs incurred during the term of this Stipulation;

(b)      A Writ of Execution may be obtained against Defendant/Guarantor without further notice to Defendant/Guarantor, in the amount of the unpaid balance plus any additional amounts due under the terms herein. Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant and the balance due and owing as of the date of default;

1     (c)  Defendant/Guarantor waive any notice of Entry of Judgment or of any

2 Request for a Writ of Execution upon default, and expressly waive all rights to stay of execution

3 and appeal. The declaration or affidavit of a duly authorized representative of Plaintiffs as to the

4 balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of

5 Execution, without notice to Defendant/Guarantor; and

6     (d)  Defendant/Guarantor shall pay all additional attorneys' fees and costs

7 incurred by Plaintiffs in connection with the collection and allocation of the amounts owed by

8 Defendant/Guarantor to Plaintiffs under this Stipulation, whether or not a default occurs herein.

9   12.  Any failure on the part of Plaintiffs to take any action against Defendant/Guarantor

10 as provided herein in the event of any breach of the provisions of this Stipulation shall not be

11 deemed a waiver of any subsequent breach by Defendant/Guarantor of any provisions herein.

12   13.  The parties agree that any payments made pursuant to the terms of this Judgment

13 shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C.

14 Section 547(c)(2) and shall not be claimed by Defendant/Guarantor as a preference under 11 U.S.C.

15 Section 547 or otherwise.

16   14.  Should any provision of this Stipulation be declared or determined by any court of

17 competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

18 enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

19 illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

20 Stipulation.

21   15.  This Stipulation is limited to the agreement between the parties with respect to the

22 unpaid and delinquent contributions and related sums enumerated herein, owed by Defendant to

23 Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any.

24 Defendant acknowledges that Plaintiffs expressly reserve their right to pursue withdrawal liability

25 claims, if any, against Defendant and all of its control group members, as provided by Plaintiffs'

26 Plan Documents, Trust Agreements incorporated into their Bargaining Agreements, and applicable

27 laws and regulations.

28

16.     This Stipulation contains all of the terms agreed to by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

17.     This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

18.     Defendant/Guarantor represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

19.     The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

Dated: May 27, 2015                              **EFFICIENT ENERGY CONCEPTS, INC.**

By: _____/S/_____
Robert William Peters Jr.
RMO/CEO/President of Defendant

Dated: May 27, 2015                              **ROBERT WILLIAM PETERS JR.**

By: _____/S/_____
Efficient Energy Concepts, Inc., individually, as Guarantor

Dated: May 28, 2015                              **BRUCE WORD**

By: _____/S/_____
Bruce Word, Trustee for Plaintiffs

Dated: May 28, 2015                              **PAUL STECKEL**

By: _____/S/_____
Paul Steckel, Trustee for Plaintiffs

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain jurisdiction over this matter.

Dated: ___June 2_____, 2015

_____
UNITED STATES DISTRICT COURT JUDGE

Judge Maria-Elena James

P:\CLIENTS\SHECL\Efficient Energy Concept\Pleadings\Stipulations\Judgment Pursuant To Stipulation.docx

1

**ATTESTATION CERTIFICATE**

2          In accord with the Northern District of California's General Order No. 45, Section X(B), I

3 attest that concurrence in the filing of this document has been obtained from each of the other

4 signatories who are listed on the signature page.

5     Dated:  June 1, 2015                    **OPERATING ENGINEERS LOCAL 3 TRUST**
                                              **FUNDS**

6

7                                    By:  _____/S/_____

8                                        SHIVANI NANDA
                                         Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-1-
**ATTESTATION CERTIFICATE**
**Case No.: C15-01000 MEJ**

<div style="border:1px solid black; text-align:center;">

*EXHIBIT A*
### JOB REPORT FORM

</div>

Updated Job Reports shall be delivered to Saltzman & Johnson Law Corporation
at 44 Montgomery Street, Suite 2110, San Francisco, California 94104 or
to compliance@sjlawcorp.com **by the 22nd day of each month.**

**Employer: EFFICIENT ENERGY CONCEPTS, INC.**

**Report for the month of _____, 20__ Submitted by: _____**

| Project Name: | | Public or Private? (circle one) |
|---|---|---|
| Project Address: | | |
| General Contractor: | | |
| General Contractor Address: | | |
| General Contractor Telephone #: | Project Manager Name: | |
| Project Manager Telephone #: | Project Manager email address: | |
| Contract #: | Contract Date: | |
| Total Contract Value: | | |
| Work Start Date: | Work Completion Date: | |
| Project Bond #: | Surety: | |

| Project Name: | | Public or Private? (circle one) |
|---|---|---|
| Project Address: | | |
| General Contractor: | | |
| General Contractor Address: | | |
| General Contractor Telephone #: | Project Manager Name: | |
| Project Manager Telephone #: | Project Manager email address: | |
| Contract #: | Contract Date: | |
| Total Contract Value: | | |
| Work Start Date: | Work Completion Date: | |
| Project Bond #: | Surety: | |

*** Attach additional sheets as necessary*

-1-
**EXHIBIT A TO JUDGEMENT PURSUANT TO STIPULATION**
**Case No.: C15-01000 MEJ**